WILLIAM POWELL, Defendant in Error, *v.* DERRICK A. JANUARY *et als.*, Plaintiffs in Error.

*Judgment Confessed—Setting Aside.*—A judgment confessed by several defendants cannot be set aside upon motion of a creditor who has recovered judgment against some of the defendants. *Semble.*—That the proper remedy by a subsequent judgment creditor, to set aside a confession of judgment, is by a civil action, and not upon motion.

### *Error to Audrain Circuit Court.*

*Lackland, Cline & Jamison, Howell & Ricketts*, for defendant in error.

*Edwards & Hayden*, for plaintiffs in error.

I. The judgment in favor of D. A. January et als. v. Abat, Williams, Lackland et al. was rendered by confession of an attorney in fact, under § 24, p. 1282, of the R. C. 1855. The plaintiffs in that case failed to comply with the stat-

ute, by making an affidavit that the debt was *bona fide* for a fair and valuable consideration, and owing after allowing all just credits and set-offs as required by that section. There was no affidavit by either the plaintiffs or their attorney, or agent, in this case, which makes this case stronger than that of Bryant et al. v. Harding et al., 29 Mo. 347.

II. It is respectfully submitted that the bond upon which January et al. obtained their judgment by confession, is not the kind of a bond within the intent and meaning of the 24th section, upon which under that section a judgment may be confessed by an attorney in fact, under a power of attorney. Judgments may be confessed under the 24th section " for a *debt* owing upon a note, bond, or bill of exchange."

We contend that the 24th section only includes or extends to bonds for the direct payment of money, and does not include bonds with collateral conditions like that upon which the judgment in favor of January et als. was confessed.

1. Because the word bond is used in connection with notes and bills of exchange, which are instruments for the direct payment of money.

2. Because the 24th section states that judgments by confession may be rendered for *debts* owing upon bonds, &c. This word *debt* means a sum certain, liquidated damages, and is never applied to a claim for unliquidated damages to which the party may be entitled as a mere indemnity, in respect of damages sustained by reason of the breach of collateral conditions of an obligation. It is plain that the bond upon which January et als. obtained their judgment, is a mere indemnity to save January & Co. harmless for forbearing to sue, and in a suit upon it breaches must be assigned and the damages must be averred and proved.

It is obvious from the decisions of this court, that the provisions of the Practice Act must be so construed as to prevent fraud. And what a door for fraud would be opened, if the parties could conspire and agree upon the amount of indemnity necessary to compensate for the breach of the collateral conditions of an obligation !

It seems to us that the decisions of this court upon section 22, are, to a certain extent, applicable to this case. There is no statement of facts such as the spirit of the act requires, which will enable the creditors of the defendants, and those who have a right to know, to see the nature of the transaction between January et als. and the defendants, and in order that the good faith of it may be tested. (Gilman v. Hovey & Buchanan, 26 Mo. 287-8; Bryan et al. v. Miller et al., 28 Mo. 32; How v. Dorscheimer, 31 Mo. 349.)

The substance of the statement upon which the judgment in favor of January et als. was rendered, is merely that a bill of exchange was drawn and endorsed and held by January et als., and was not paid, and they forbore to sue on the bill, and defendants agreed to indemnify him against any loss which might accrue by waiting.

The above decisions show clearly that this is not a concise statement, out of which the money due arose; nor does it show that the sum confessed was justly due within the intention and spirit of the act.

The judgment rendered in favor of January et als. was irregular, and the court might set it aside after the lapse of the term at which it was rendered. (Brewer v. Dinwiddie, 25 Mo. 351; Stacker v. Cooper Circuit Ct., 25 Mo. 401; Harbor v. Pacific Railroad, 32 Mo. 423.)

BATES, Judge, delivered the opinion of the court.

On the 30th day of October, 1860, in the Audrain Circuit Court, four persons, Abat, Lackland, Williams and Cardwell, confessed a judgment in favor of January, Brother and Noel.

On the 29th day of April, 1863, Powell, who had on the 6th day of May, 1862, recovered a judgment against said Abat and Lackland in the same court, filed a motion to set aside said judgment in favor of January and others, upon the ground that the judgment was entered wrongfully, in that there was not filed any affidavit of the plaintiffs, that the power of attorney of the defendants was insufficient, not

duly acknowledged, and that there was no note, bond or bill of exchange filed in said cause.

The motion was sustained by the court, and the judgment so confessed was set aside.

There was error in this action of the court; Powell had no judgment against Williams and Cardwell, and he is therefore not injured or affected by January's judgment against them, and could not in any manner require the judgment aginst them to be set aside or vacated, and the court could not (at any rate upon this motion) set aside the judgment as to some defendants and retain it as to others. Whatever relief Powell was entitled to, he could get by civil action.

My own opinion is, that a court should in no case, at the instance of a subsequent judgment creditor, set aside a judgment *upon motion;* but that the remedy is, in every case, by regular civil action. The opinion of the court, however, applies only to this case; and it is based upon the fact that Powell's judgment was against Abat and Lackland only, and not against Williams and Cardwell.

The judgment of the Circuit Court (that the judgment of January, &c., against Abat, Lackland, Cardwell and Williams be set aside and forever held for naught) is reversed.

Judges Bay and Dryden concur.